UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG FRANKE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:06-CV-1054 CAS |
| | ) |
| JEREMIAH JAY NIXON, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the petition of Craig Franke for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. #1].

**The petition**

**A. Allegations.**

On or about September 5, 1983, petitioner, then a resident of Missouri, drove his automobile into pillars which stood at the end of a driveway at 1181 Admiralton Drive, Bridgeton, Missouri (the "Admiralton Property"). See Petitioner's Exh. B. In September 1985, the owners of the Admiralton Property (the "plaintiffs") filed suit against petitioner in the Circuit Court of St. Louis County, Missouri, seeking $1,500 in compensatory damages stemming from the accident. Id.; see also Petitioner's Exh. C.

In 1986, the Circuit Court entered judgment in plaintiffs' favor for $1350 plus costs. Petitioner's Exh. C. In

1

December 1986, plaintiffs' counsel asked the Missouri Department of Revenue to "suspend all driving privileges" of the petitioner because the judgment remained unpaid. Petitioner's Exh. A. Consequently, on January 13, 1987, the MDOR suspended petitioner's driving privileges. Petitioner's Exh. D.

The judgment remained unpaid and plaintiffs' counsel had the Circuit Court's judgment revived. See Petitioner's Exh. identified only as "State's Suggestions in Opposition to Petitioner's Petition for a Writ of Habeas Corpus" and exhibit 1 attached thereto filed with the Missouri Court of Appeals (hereinafter referred to as "State's Suggestions"). It appears that plaintiffs' counsel again requested that petitioner's driving privileges be suspended for non-payment of the judgment. Id. On September 27, 1996, the MDOC notified petitioner that his "privilege to drive a motor vehicle in Missouri" would be suspended on October 1, 1996. Id. The MDOC warned petitioner that if he failed to have his privileges reinstated, the suspension could last "at least until September 3, 2006." Id. Petitioner asserts that he did not get this notice because he had moved from the address to which the notice was sent.

At some point, which is not clear from the record before the Court, petitioner moved to the State of Kansas and acquired a Kansas driving license. The petition indicates that Petitioner was residing in Kansas no later than June 29, 1999. See Petitioner's Exh. F (copy of driver's license).

On or about September 30, 2003, petitioner was issued a traffic ticket in Warren County, Missouri, for driving while suspended in Missouri.[1] Petitioner was found guilty of violating Mo. Rev. Stat. § 303.370 (2000), sentenced to 120 days imprisonment, and fined $970.62.

The petition indicates that petitioner did not file a direct appeal of his conviction and sentence with the Missouri Court of Appeals as permitted by Rule 30.01 of the Missouri Rules of Criminal Procedure. See State's Suggestions. The petition also indicates that petitioner failed to seek post-conviction review under Rule 29.11 of the Missouri Rules of Criminal Procedure. Id. Instead, petitioner sought a writ of habeas corpus from the Missouri Supreme Court. The Missouri Supreme Court denied the petition, without prejudice, pursuant to Rule 84.22 of the Missouri Rules of Civil Procedure.

**B. Claims.**

Petitioner asserts that the underlying suspension of his driving privilege was "fraudulently obtained" and, therefore, his conviction for driving while suspended violates his constitutional right to due process of law. Petitioner further asserts that the

---

[1] Petitioner contends that the ticket listed "driving while *license* was suspended." Petitioner claims that "driving while license was suspended" is a separate offense than "driving while *privilege* was suspended." As discussed below, however, Mo. Rev. Stat. § 303.370 (2000)- the statute under which petitioner was convicted - applies to both driving with a suspended license and driving while operating privilege is suspended.

3

offense of "driving while *license* suspended" is a separate and distinct offense from "driving while *privilege* suspended" and that the two offenses carry different penalties. Moreover, petitioner claims that he cannot be convicted of driving with a suspended *license* because, as a Kansas resident, he is not required to have a Missouri driver's license.

**Discussion**

Title 28 U.S.C. § 2254(a) provides that this Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Because petitioner contends that he is "in custody pursuant to the judgment of a State court," § 2254 governs the instant petition for a writ of habeas corpus.

Section 2254(b)(1)(A) requires petitioner to have exhausted his available state remedies before coming to federal court seeking habeas relief. As noted above, petitioner failed to pursue both direct appellate review of his conviction with the Missouri Court of Appeals as provided in Mo. R. Civ. P. 30.01 and post-conviction review by the trial court as provided in Mo. R. Civ. P. 29.11.

Although petitioner did seek a writ of habeas corpus

4

directly from the Missouri Supreme Court, that petition was denied pursuant to Mo. R. Civ. P. 84.22. Relevant to this case, Rule 84.22(a) states:

> No original remedial writ shall be issued by an appellate court in any case wherein adequate relief can be afforded by an appeal or by application for such writ to a lower court.

Consequently, the Missouri Supreme Court denied petitioner relief because he had not exhausted his other state remedies - namely, appealing his conviction or applying for a remedial writ to a lower state court.

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief. In this case, it plainly appears that petitioner is not entitled to relief because he failed to exhaust his available state remedies as required by § 2254(b)(1)(A). Therefore, summary dismissal of the petition is proper.

Alternatively, summary dismissal is proper because the allegations show that petitioner is not entitled to relief on the claims asserted.[2] Petitioner contends that the suspension of his driving privilege was fraudulently obtained because Mo. Rev. Stat.

---

[2] 28 U.S.C. § 2254(b)(2) provides: "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

§ 303.140(2) requires the owners of the Admiralton Property to have brought suit against him within one year of the accident. Petitioner argues that because the owners filed suit more than one year after the accident, his driving privileges cannot be suspended in Missouri. This claim is without merit.

Section 303.140(2) concerns only *pre*-judgment suspensions. Section 303.100, however, is a separate statute that provides for *post*-judgment suspensions. See Mo. Rev. Stat. 303.100(1). The petition and exhibits attached thereto clearly demonstrate that petitioner's driving privilege was suspended pursuant to § 303.100. Furthermore, a suspension under § 303.100 does not require a prior pre-judgment suspension under § 303.140(2). Indeed, the only requirement for a post-judgment suspension under § 303.100 is for the director of the MDOR to receive a certified copy of the judgment.

Petitioner's argument concerning the difference between "driving while *license* suspended" and "driving while *privilege* suspended" is also without merit. As noted above, petitioner was convicted under Mo. Rev. Stat. § 303.370 which makes it an offense for "[a]ny person whose **license or . . . nonresident's operating privilege** has been suspended or revoked" to drive a motor vehicle in Missouri. Consequently, under § 303.370, "driving while *license* suspended" and "driving while *privilege*" suspended are identical offenses carrying identical punishments.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue to respondent, because the instant petition should be dismissed pursuant to 28 U.S.C. § 2243, 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

An appropriate order shall accompany this memorandum and order.

Dated this  6th  day of February, 2007.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**